RPF/klc: 08/23/17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE MARSHALL COUNTY COAL
COMPANY, THE MARION COUNTY
COAL COMPANY, THE
MONONGALIA COUNTY COAL
COMPANY, THE HARRISON
COUNTY COAL COMPANY, THE
OHIO COUNTY COAL COMPANY,
and MURRAY ENERGY
CORPORATION,

          Plaintiffs,

v.

THE NEW YORK TIMES COMPANY,

          Defendant.

Case No. 5:17-CV-79

Judge Bailey

### ANSWER

NOW COMES Defendant The New York Times Company (hereinafter "The New York Times"), by and through its undersigned counsel, and states as follows in response to Plaintiffs' Complaint:

1.     Defendant denies that it published defamatory statements or any statements regarding any Plaintiff, with the exception of Murray Energy which was described truthfully. Defendant admits that it did not contact anyone in "the Murray Energy organization" prior to publishing its Editorial and denies that its Editorial contained any false assertions. Defendant is without sufficient information to admit or deny the remaining averments of paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2.      Paragraph 2 of Plaintiffs' Complaint contains factual assertions regarding Robert E. Murray, a non-party public figure, and averments that do not require a response. To the extent a response is required, Defendant denies the same.

3.      Defendant admits that Mr. Murray made false statements about the cause of a mine disaster. Defendant denies that any statements it published were false. Defendant denies that its publication gives rise to any implication about any Plaintiff. Defendant denies the remaining averments of paragraph 3 of Plaintiffs' Complaint.

4.      Paragraph 4 of Plaintiffs' Complaint contains no averments that require a response. To the extent a response is required, Defendant admits that it published an Editorial entitled "Money Talked Loudest at Donald Trump's Inaugural" on April 24, 2017. Defendant denies the remaining averments of paragraph 4 of Plaintiffs' Complaint.

5.      Paragraph 5 of Plaintiffs' Complaint is unintelligible as written and is not an averment that requires a response. To the extent a response is required, Defendant denies the same.

6.      Paragraph 6 of Plaintiffs' Complaint is not an averment that requires a response. To the extent a response is required, Defendant denies the same.

## PARTIES

7.      Defendant is without sufficient information to admit or deny the averments of paragraph 7 of Plaintiffs' Complaint and therefore denies the same.

8.      Defendant is without sufficient information to admit or deny the averments of paragraph 8 of Plaintiffs' Complaint and therefore denies the same.

9.      Defendant is without sufficient information to admit or deny the averments of paragraph 9 of Plaintiffs' Complaint and therefore denies the same.

10.     Defendant is without sufficient information to admit or deny the averments of paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11.     Defendant is without sufficient information to admit or deny the averments of paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.     Defendant is without sufficient information to admit or deny the averments of paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13.     Defendant admits the averments of paragraph 13 of Plaintiffs' Complaint.

<strong><u>VENUE</u></strong>

14.     Defendant denies the averments of paragraph 14 of Plaintiffs' Complaint.

<strong><u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u></strong> <em>[sic]</em>

15.     Defendant admits that it published an Editorial entitled "Money Talked Loudest at Donald Trump's Inaugural" on April 24, 2017.

16.     Defendant denies that "the public views Mr. Murray as the ultimate controlling owner and manager of the Plaintiffs," and specifically denies that any member of the public associates Mr. Murray with any Plaintiff with the exception of Murray Energy. Defendant is without sufficient information to admit or deny the remaining averments of paragraph 16 of Plaintiffs' Complaint, all of which refer to a non-party, and therefore denies the same.

17.     Defendant denies that its Editorial was false or defamatory. Defendant admits that its Editorial accurately states that non-party "Mr. Murray falsely insisted that the 2007 collapse of his Crandall Canyon mine, which killed six workers, was due to an earthquake." The remaining averments of paragraph 17 of Plaintiffs' Complaint do not require a response. To the extent a response is required, Defendant denies the remaining averments of paragraph 17 of Plaintiffs' Complaint.

3

18.     Defendant is without sufficient information to admit or deny the averments of paragraph 18 of Plaintiffs' Complaint and therefore denies the same.

19.     Defendant admits that its Editorial truthfully states that "Murray Energy is a serial violator of federal health and safety rules." Defendant denies that any statements it published were false. Defendant denies that its publication implied anything about any of the Plaintiffs. Defendant denies the remaining averments of paragraph 19 of Plaintiffs' Complaint.

20.     Paragraph 20 of Plaintiffs' Complaint is not an averment that requires a response. Defendant denies that any statements it published in its Editorial were false. Defendant admits that it did not contact Mr. Murray, a non-party, or anyone in "the Murray Energy organization" before it published its Editorial in its Opinion Pages. Defendant denies the remaining averments of paragraph 20 of Plaintiffs' Complaint.

## COUNT I
## DEFAMATION

21.     Defendant incorporates by reference its responses to paragraphs 1 through 20 of Plaintiffs' Complaint as if fully set forth here.

22.     Defendant denies the averments of paragraph 22 of Plaintiffs' Complaint.

23.     Defendant denies the averments of paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the averments of paragraph 24 of Plaintiffs' Complaint.

25.     Defendant is without sufficient information to admit or deny the averments of paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26.     Defendant is without sufficient information to admit or deny the averments of paragraph 26 of Plaintiffs' Complaint and therefore denies the same.

27.     Defendant is without sufficient information to admit or deny the averments of paragraph 27 of Plaintiffs' Complaint and therefore denies the same.

28.    Defendant is without sufficient information to admit or deny the averments of paragraph 28 of Plaintiffs' Complaint and therefore denies the same.

29.    Defendant is without sufficient information to admit or deny the averments of paragraph 29 of Plaintiffs' Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted, as set forth in Defendant's Motion to Dismiss.

### Second Affirmative Defense

Plaintiffs' Complaint fails to adequately identify the specific statement or statements that Plaintiffs contend are actionable as libel, including without limitation by failing to allege why any such statements are substantially false.

### Third Affirmative Defense

The statements complained of by Plaintiffs The Marshall County Coal Company, The Marion County Coal Company, The Monongalia County Coal Company, The Harrison County Coal Company and The Ohio County Coal Company are not "of and concerning" any of them.

### Fourth Affirmative Defense

The statements of which the Plaintiffs complain are not defamatory.

### Fifth Affirmative Defense

Plaintiffs have no ability to seek damages for statements made about a non-party or to assert the claims set forth in their Complaint on behalf of a non-party.

### Sixth Affirmative Defense

The statements of which Plaintiffs complain are contained within an Editorial and are

non-actionable expressions of opinion and/or fair comment based on disclosed facts and are therefore immune from liability by virtue of the First Amendment to the United States Constitution, Article III, Sections 7 and 8 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Seventh Affirmative Defense

The statements of which the Plaintiffs complain are not false or, at a minimum, are not substantially false insofar as they consist of statements of fact and therefore are not actionable by virtue of the First Amendment to the United States Constitution, Article III, Sections 7 and 8 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Eighth Affirmative Defense

Plaintiffs are public figures with respect to the matters alleged in the Complaint and the statements published by the Defendant, regarding a public figure or figures, were published without actual malice and therefore are protected from liability under the First Amendment to the United States Constitution, Article III, Section 7 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Ninth Affirmative Defense

The statements of which the Plaintiffs complain are statements regarding matters of legitimate public interest and concern, published without actual malice, and therefore are protected from liability under the First Amendment to the United States Constitution, Article III, Section 7 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Tenth Affirmative Defense

Plaintiffs' claims are barred because the purported statements complained of were privileged communications pursuant to, inter alia, the fair comment privilege, the neutral report privilege and the official actions privilege, and Defendant is therefore immune from liability under the First Amendment to the United States Constitution, Article III, Section 7 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Eleventh Affirmative Defense

The injuries of which the Plaintiffs complain were caused, if at all, by publication of truthful information and recovery is therefore barred by the First Amendment to the United States Constitution, Article III, Section 7 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Twelfth Affirmative Defense

The statements of which the Plaintiffs complain were published by the Defendant without actual malice and therefore the Plaintiffs may not recover punitive damages.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs have suffered no damages, and any purported damages suffered by Plaintiffs are the proximate result of Plaintiffs' own actions or the actions of others not under the control of Defendant.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred because the purported statements complained of cannot have caused any incremental harm to Plaintiffs' reputation given the facts that Plaintiffs admit to be true, in this action and in other actions in other courts, as well as in other public proceedings, forums and contexts.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred because any damages suffered by the Plaintiffs are the proximate result of the Plaintiffs' own actions or the actions of others not under the control of Defendant.

### Sixteenth Affirmative Defense

Plaintiffs' entitlement to damages and claims for damages are barred in whole or in part by their failure to mitigate any alleged damages.

### Seventeenth Affirmative Defense

Plaintiffs' entitlement to damages may be barred in whole or in part by admissions they have made in other contexts and forums.

### Eighteenth Affirmative Defense

The Editorial published by Defendant referred to information provided by official sources and Defendant had no reason to doubt the information.

### Nineteenth Affirmative Defense

Prior to publishing the April 24, 2017 Editorial, Defendant did all that was required of it under West Virginia law, Ohio law, and the First Amendment to the United States Constitution, Article III, Section 7 of the Constitution of the State of West Virginia, and Article I, Section 11 of the Ohio Constitution.

### Twentieth Affirmative Defense

Defendant's Editorial did not create a false impression about Plaintiffs.

WHEREFORE, Defendant The New York Times Company respectfully submits the foregoing Answer to Plaintiffs' Complaint and requests that it be dismissed with prejudice, that it

be awarded costs incurred in and about the defense of this action, including attorneys' fees if permissible, and for such other and further relief as this Court deems just and proper.

## THE NEW YORK TIMES COMPANY DEMANDS A JURY TRIAL ON ALL ISSUES.

Dated this 23rd day of August, 2017.

Respectfully Submitted,

**THE NEW YORK TIMES COMPANY,** *Defendant,*

By: _____

Robert P. Fitzsimmons, Esq.
W.Va. State Bar I.D. #1212
Clayton J. Fitzsimmons
W.Va. State Bar I.D. #10823
FITZSIMMONS LAW FIRM PLLC
1609 Warwood Avenue
Wheeling, WV  26003
Phone:  (304) 277-1700
Fax:  (304)277-1705
E-mail: bob@fitzsimmonsfirm.com
E:mail: clayton@fitzsimmonsfirm.com

Holly S. Planinsic
W.Va. State Bar I.D. #6551
HERNDON, MORTON, HERNDON & YAEGER
83 Edgington Lane
Wheeling, West Virginia  26003
Phone:  (304) 242-2300
Fax:  (304) 243-0890
E-mail:  hplaninsic@hmhy.com

*Counsel for Defendant, The New York Times Company*

9

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THE MARSHALL COUNTY COAL COMPANY, THE MARION COUNTY COAL COMPANY, THE MONONGALIA COUNTY COAL COMPANY, THE HARRISON COUNTY COAL COMPANY, THE OHIO COUNTY COAL COMPANY, and MURRAY ENERGY CORPORATION,**

                Plaintiffs,

v.

**THE NEW YORK TIMES COMPANY,**

                Defendant.

Case No. 5:17-CV-79

Judge Bailey

## CERTIFICATE OF SERVICE

I hereby certify that on August 23rd, 2017, a true copy of the foregoing *ANSWER* was electronically filed with the Clerk of this Court using CM/ECF system, who shall provide electronic notice of such filing to the following counsel:

Jeffrey A. Grove Esq.
David L. Delk Esq.
Grove, Holmstrand & Delk, PLLC
44 ½ 15th Street
Wheeling, WV 26003
*Counsel for Plaintiffs*

Respectfully Submitted,

**THE NEW YORK TIMES COMPANY,**
*Defendant,*

By: *[signature]*

Robert P. Fitzsimmons, Esq.
W.Va. State Bar I.D. #1212
Clayton J. Fitzsimmons
W.Va. State Bar I.D. #10823
FITZSIMMONS LAW FIRM PLLC
1609 Warwood Avenue
Wheeling, WV 26003
Phone: (304) 277-1700
Fax: (304)277-1705
E-mail: bob@fitzsimmonsfirm.com
E:mail: clayton@fitzsimmonsfirm.com

Holly S. Planinsic
W.Va. State Bar I.D. #6551
HERNDON, MORTON, HERNDON & YAEGER
83 Edgington Lane
Wheeling, West Virginia 26003
Phone: (304) 242-2300
Fax: (304) 243-0890
E-mail: hplaninsic@hmhy.com

*Counsel for Defendant, The New York Times Company*

11